## Lewis Wolff *against* Joseph Turner.

Where a defendant removes a cause after it has been at issue two terms, the exception must be taken when the writ is put in, or by motion for precedendo before trial.

Where a defendant removes a cause, he is not liable to costs, if the plaintiff becomes nonsuit.

Suit for marrying an apprentice who was a minor, without the master's consent. The plaintiff was nonsuit on the trial.

Mr. Wells for the plaintiff moved, that the costs of the Court of Common Pleas only should be taxed against his client. A declaration had been filed, and the cause put to issue two terms in Philadelphia county, before the defendant removed it by *habeas corpus*, which was contrary to the 7th section of the act of 25th September 1786. 2 St. Laws 473. This case is not within the provision of the act of February 28th, 1787. Ib. 490. Moreover, the plaintiff not having recovered 50l., the defendant, on his removal of the action, is liable to pay double costs under the 3d section of the act of 20th May 1767. 1 St. Laws 480. He also cited 1 H. Bla. 10.

The court stopped Mr. M. Levy, who was proceeding to repel the motion. It is immaterial now after trial who removed the cause, or when. The objection should have been taken at the time of the writ put in, according to the act of 1786, or at least a *procedendo* should have been moved for in this court before trial.

The law of 1767, does not provide for this case. Under that act a defendant pays double costs, where a defendant removes a cause wherein the debt or damages recovered shall not amount to the sum of 50l. But here the plaintiff recovered nothing. He had no cause of action and became nonsuit.

Motion denied.